963 A.2d 839

IN THE MATTER OF ANTHONY CLYDE JONES, AN ATTORNEY AT LAW (ATTORNEY NO. 012351998).

January 29, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–253, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **ANTHONY CLYDE JONES** of **NEW YORK, NEW YORK,** who was admitted to the bar of this State in 1998, and who has been suspended from the practice of law since June 27, 2006, should be suspended from the practice of law for a period of three months for violating *RPC* 8.1(b) (failure to cooperate with disciplinary-authorities), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and for failing to file the affidavit of compliance required by *Rule* 1:20–20(b)(15), and good cause appearing;

It is ORDERED that **ANTHONY CLYDE JONES** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent not be reinstated to the practice of law unless and until he complies with the fee arbitration determination in District Docket No. IIB–03–048F, and pays the sanction

in the amount of $500 to the Disciplinary Oversight Committee as ordered by the Court on June 27, 2006; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.